*E-Filed 5/25/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHANIEL USHER, | No. C 10-1816 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Petitioner has paid the filing fee. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 1981, an Alameda Superior Court jury convicted petitioner of first degree murder, yet acquitted him of the use of a gun in the commission of the murder.

**DISCUSSION**

Petitioner claims that his sentence is unconstitutional because the jury's acquittal of petitioner on the gun use charge indicates that the jury instructions regarding felony murder were unconstitutionally ambiguous. (Pet. at 13.)

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

AEDPA, 28 U.S.C. § 2244, imposes a one-year limitation period within which a petitioner can file a timely petition for writ of habeas corpus. Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted). Courts should be careful not to confuse a petitioner's knowledge of the factual predicate of his claims with the time permitted for

gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]." *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998). *See*, e.g., *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings"; because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

Petitioner knew of the factual predicate of his claim at the time of his conviction in 1981, some twenty-eight years ago, well beyond AEDPA's one-year statute of limitations. Similar to *Battles*, petitioner could have discovered the facts supporting his claim through his own recollection of the trial proceedings. Plaintiff has not contended that since his conviction there has been a change in the law relevant to his claims, or that some new facts have come to light that could not have been known through his exercise of due diligence. Accordingly, the petition is DISMISSED without prejudice.

## CONCLUSION

The petition is DISMISSED without prejudice on grounds of untimeliness.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: May 24, 2010

RICHARD SEEBORG
United States District Judge